UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAE REICHLEY and AMANDA
BORDNER,

        Plaintiffs,

v.

ABERCROMBIE & FITCH STORES, INC.,
and ANDREW DIETZEL,

        Defendants.
                                       /

File No. 1:09-CV-838

HON. ROBERT HOLMES BELL

## MEMORANDUM OPINION AND ORDER

Plaintiffs bring this action alleging that Defendant Andrew Dietzel, an employee of Defendant Abercrombie & Fitch Stores, Inc., took photographs and video of Plaintiffs while Plaintiffs were undressing and published them on the Internet. (Dkt. No. 1, Ex. A, Compl.) Before the Court are stipulated protective orders filed by the parties. The first order covers "any document which reflects sensitive, private or confidential information . . . which . . . if disclosed to persons other than those specified . . . would pose a significant risk of injury to the privacy interests of these individuals or business interests of Defendants and the Plaintiffs." (Dkt. No. 11, Stipulated Protective Order 2.) The second order relates to all documents that the "Charter Township of Meridian is producing to the parties to this

action . . . ." (Dkt. No. 12, Stipulated Protective Order 1.) Both orders contemplate that documents falling within the scope of the orders will be filed under seal.

The Court's discretion to issue protective orders "'is circumscribed by a long-established legal tradition' which values public access to court proceedings." *Proctor & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996) (quoting *Brown & Willliamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1177 (6th Cir. 1983)). Even though the parties have stipulated to the protective orders before the Court, the Court "cannot abdicate its responsibility to oversee the discovery and to determine whether filings should be made available to the public." *Id.* Thus, the Sixth Circuit Court of Appeals allows the sealing of court papers only for "good cause shown" that "the particular documents justify court-imposed secrecy." *Id.*; *see* Fed. R. Civ. P. 26(c) (allowing a court to issue a protective order for "good cause"). Consequently, the parties have an obligation, even when presenting a stipulated protective order to the court, to provide a description, even couched in broad terms, of documents to be treated as confidential and to provide the court with some information supporting confidential treatment.[1] Having failed to adequately describe the information sought to be protected, much less informed the Court as to the need for court-ordered secrecy, the Court finds that the parties have failed to make the requisite showing of good

---

[1] Judging from the complaint, the Court assumes that the protective orders are intended, at least in part, to prevent further public disclosure of the embarrassing photographs and other images of Plaintiffs that are at issue in this action. However, if that is the case, the protective orders should be more narrowly circumscribed to address such evidence.

cause. Therefore, the Court will deny the stipulated protective orders without prejudice to either parties' ability to move for an appropriately-tailored protective order that is based upon a showing of good cause. Accordingly,

**IT IS HEREBY ORDERED** that the parties' stipulated protective orders (Dkt. Nos. 11, 12) are **DENIED**.


Dated: November 13, 2009                     /s/ Robert Holmes Bell
                                             ROBERT HOLMES BELL
                                             UNITED STATES DISTRICT JUDGE