UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAE REICHLEY and AMANDA
BORDNER,

    Plaintiffs,

v.

ABERCROMBIE & FITCH STORES, INC.,
and ANDREW DIETZEL,

    Defendants.
                                      /

File No.  1:09-CV-838

HON. ROBERT HOLMES BELL

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiffs ask this Court to approve two proposed protective orders.  The first order seeks to preserve the confidentiality of "any document which reflects sensitive, private or confidential information relating to Plaintiffs, Defendants, Defendant's current and/or former employees and/or Defendant's business, which records, if disclosed to persons other than those specified herein, would pose a significant risk of injury to the privacy interests of these individuals or business interests of Defendants and the Plaintiffs." (Dkt. No. 14, Pl.'s Mot. Ex. C ¶ 1.)  The second order seeks to preserve the confidentiality of any documents produced by The Charter Township of Meridian.  (*Id*. at Ex. D ¶ 1.)  Defendants have stipulated to the issuance both orders.

Plaintiffs are not entitled to a protective order simply because they request one, even if Defendants have stipulated to the request.  The party moving for a protective order must

show good cause why the order is necessary. Fed. R. Civ. P. 26(c); *see also* W.D. Mich. LCivR 10.6(a) ("Requests to seal a document must be made by motion and will be granted only upon good cause shown.") The good cause requirement protects a "'long established legal tradition' which values public access to court proceedings," and ensures that the court, and not the parties, maintains control over the public's access to court papers. *Proctor & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996) (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1177 (6th Cir. 1983)).

Plaintiffs have shown good cause for the order covering "private or confidential information." The order itself, read in connection with Plaintiffs' brief, indicates that the order is necessary to prevent "risk of injury to the privacy interests of [the individuals involved] or the business interests of Defendants and the Plaintiffs." (Dkt. No. 14, Ex. C ¶ 1.) The Court will adopt this stipulated protective order.

On the other hand, Plaintiffs have not shown good cause for the order covering the documents produced by The Charter Township of Meridian. Paragraph six of the proposed order makes note of the "sensitive nature" of the documents covered by the proposed order, but the order itself does not indicate why the documents are sensitive or why a protective order is needed. (Dkt. No. 14, Ex. D ¶ 6.) Plaintiffs' brief in support of its motion states that "the documents sought are necessary in order for the parties to properly prepare their case for trial" and that "[t]he documents sought are necessary to the continuation of the discovery process." (Dkt. No. 14, ¶¶ 14-15.) Plaintiffs fail to address why a motion to compel under Rule 37 of the Federal Rules of Civil Procedure would not be an appropriate means of

alleviating these concerns, while at the same time preserving the "'long established legal tradition' which values public access to court proceedings." *Proctor & Gamble*, 78 F.3d at 227. The Court will deny this stipulated protective order without prejudice to either party's ability to renew the request upon a showing of good cause.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Protective Order is **GRANTED IN PART** and **DENIED IN PART**. To the extent the motion asks the Court to adopt the stipulated protective order covering "private or confidential information" (Dkt. No. 14, Ex. C) the motion is **GRANTED**. To the extent the motion asks the Court to adopt the stipulated protective order covering all documents produced by The Charter Township of Meridian (Dkt. No. 14, Ex. D), the motion is **DENIED** without prejudice.

Dated: December 1, 2009  /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE