UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

SHAE REICHLEY and AMANDA
BORDNER,

    Plaintiffs,

v.                                              CASE NO. 1:09-CV-838

ABERCROMBIE & FITCH STORES,        HON. ROBERT HOLMES BELL
INC. and ANDREW DIETZEL,
jointly and severally,

    Defendants.
_____/

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion by Plaintiffs Shae Reichley and Amanda Bordner to remand this action to state court. (Dkt. No. 7.) For the reasons that follow, this motion will be granted.

On July 8, 2009, Plaintiffs, both Michigan residents, filed an action the Ingham County Circuit Court against Defendants Abercrombie and Fitch Stores, Inc. ("Abercrombie"), an Ohio Corporation with its principal place of business in Ohio, and Andrew Dietzel, an individual residing in Michigan. Plaintiffs alleged a variety of claims arising under state law. On July 28, 2009, Defendant Dietzel filed for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the Western District of Michigan. Defendant Dietzel's bankruptcy filing triggered the automatic stay provision set forth in 11 U.S.C.

§ 362. On August 14, 2009, as a result of the stay, Ingham County Circuit Court Judge James R. Giddings issued an order for an "administrative closing" of Plaintiffs' action against Defendant Dietzel. (Dkt. No. 7, Pls.' Mot. Ex. C.) On September 9, 2009, Defendant Abercrombie filed a notice of removal in this Court, in which it alleged that the administrative closing of the case against Defendant Dietzel created complete diversity between the parties and caused Plaintiffs' case to become removable under 28 U.S.C. § 1332. (Dkt. No. 1, Def.'s Notice.) Plaintiffs filed the present motion to remand, arguing that the case has not become removable. According to Plaintiffs, although the case against Defendant Dietzel has been administratively closed, Defendant Dietzel is still a party to the action, and complete diversity is therefore lacking.

The party seeking removal jurisdiction bears the burden of establishing the right to removal, and all doubts must be resolved against removal. *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 405 (6th Cir. 2007); *ANR Pipeline Co. v. Conoco, Inc.*, 646 F. Supp. 439, 442 (W.D. Mich. 1986). The presumption against removal derives from "a policy of strict construction of jurisdiction in favor of state court." *Van Horn v. W. Elec. Co.*, 424 F. Supp. 920, 922-23 (E.D. Mich. 1977); *see also Long. v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000) ("[B]ecause they implicate federalism concerns, removal statutes are to be narrowly construed.").

Even if diversity jurisdiction is lacking when an action is originally filed, the action may become removable upon the dismissal of the party or parties that block complete

diversity. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68-69 (1996). However, the barrier to removal created by the existence of a non-diverse party can be remedied only when dismissal of the non-diverse party is certain and final. *Vasquez v. Alto Bonito Gravel Plant Corp.*, 56 F.3d 689, 694 (5th Cir. 1995) ("[A] case that was not originally removable under our diversity jurisdiction because of the presence of a nondiverse defendant may be removed only after it is clear under applicable state law that the nondiverse defendant has been taken out of the case, leaving a controversy wholly between the plaintiff and the diverse defendant."), *abrogated on other grounds by Estate of Martineau v. ARCO Chemical Co.*, 203 F.3d 904 (5th Cir. 2000); *Barron v. Werner Enters., Inc.*, 462 F. Supp. 2d 1217, 1220 (M.D. Ala. 2006) (noting that finality of the dismissal is a necessary condition to removal); *Pulse One Commc'ns, Inc. v. Bell Atl. Mobile Sys., Inc.*, 760 F. Supp. 82, 83 (D. Md. 1991) (noting that removal is only proper when a nondiverse party has been "terminated from the action with sufficient finality").

Courts in this circuit have acknowledged that an "administrative closing" of a case does not amount to a certain and final dismissal. *Combs v. FDIC*, No. 09-CV-13256-DT, 2009 WL 2843939, at *1 (E.D. Mich. Aug. 31, 2009); *McDaniels v. Prelesnik*, No. 08-11548, 2009 WL 2603102, at *2 (E. D. Mich. Aug. 24, 2009) ("This administrative closing shall not be construed as a dismissal or adjudication of [Plaintiff's] exhausted claims."). In *Lehman v. Revolution Portfolio L.L.C*, 166 F.3d 389 (1st Cir. 1999), the First Circuit described an administrative closing as:

3

a familiar, albeit ad hoc, way in which courts remove cases from their active files without making any final adjudication. The method is used in various districts through the nation in order to shelve pending, but dormant, cases. We endorse the judicious use of administrative closings by district courts in circumstances in which a case, though not dead, is likely to remain moribund for an appreciable period of time.

      Properly understood, an administrative closing has no effect other than to remove a case from the court's active docket and permit the transfer of records associated with the case to an appropriate storage repository. "In no event does such an order bar a party from restoring the action to the Court's active calendar upon an appropriate application." Nor is the power to resurrect reserved to the parties. The court, too, retains the authority to reinstate a case if it concludes that the administrative closing was improvident or if the circumstances that sparked the closing abate.

*Id.* at 391-92 (citations omitted).

Not only did Judge Giddings label the status of Plaintiffs' case against Defendant Dietzel an administrative closing, but the First Circuit's description of an administrative closing suggests the appropriateness of that label given the nature of the automatic stay. Though Plaintiffs' case against Defendant Dietzel is "likely to remain moribund for an appreciable period of time," at least until "the circumstances that sparked the closing abate," it has certainly not been finally adjudicated, as it might resume when Defendant Deiztel emerges from bankruptcy protection.[1] *See McDowell Welding & Pipefitting, Inc. v. U.S. Gypsum Co.*, 285 B.R. 460, 470 (D. Or. 2002) (holding that the automatic stay imposed in

---

[1]The Court notes that the possibility that Plaintiffs' claims against Defendant Dietzel might not be discharged in bankruptcy is more than mere speculation. Under 11 U.S.C. § 523(a)(6), debts incurred for "willful and malicious injury by the debtor to another entity" are not subject to discharge. Plaintiffs assert claims for several intentional torts against Defendant Dietzel including invasion of privacy, intentional infliction of emotional distress, and assault and battery.

4

bankruptcy filings is not tantamount to a dismissal); *Stewart v. A.G. Edwards & Sons, Inc.*, 74 B.R. 26, 27 (D.S.C. 1987) ("While [a nondiverse Defendant's] bankruptcy petition operates as a stay . . . it is not tantamount to a dismissal of [the defendant] as a party defendant in this action but merely suspends the proceedings.") Indeed, if this Court did exercise diversity jurisdiction over this matter, and if Defendant Dietzel did emerge from bankruptcy protection without Plaintiffs' claims against him having been discharged and prior to the full and final resolution of the claims against Defendant Abercrombie, complete diversity would then be destroyed, depriving this Court of subject matter jurisdiction midstream. Deference for state court jurisdiction requires that a case against a non-diverse party be fully and finally dismissed, and not merely temporarily closed pursuant to the automatic stay imposed by the filing of a bankruptcy petition, before federal diversity jurisdiction may be exercised. *See McDowell Welding*, 285 B.R. at 470; *Stewart*, 74 B.R. at 27 (declining to exercise removal jurisdiction based on diversity when the only non-diverse defendant filed for bankruptcy).

The Court's conclusion that it lacks subject matter jurisdiction over this matter does not compel a conclusion that Plaintiff is entitled to recover the expenses it incurred as a result of the removal under 28 U.S.C. § 1447(c). "Absent unusual circumstances, court may award attorney's fees under 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The novelty

of the issue presented by Plaintiffs' motion to remand suggests that Defendant Abercrombie had an objectively reasonable basis for seeking removal. Plaintiff is not entitled to recover its costs or attorney's fees.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to remand this action to state court (Dkt. No. 7) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action, in its entirety, is **REMANDED** to the Ingham County Circuit Court.

**IT IS FURTHER ORDERED** that Plaintiffs' request for costs and attorney's fees incurred as a result of the removal is **DENIED**.


DATED:   December 22, 2009             /s/ Robert Holmes Bell
                                       ROBERT HOLMES BELL
                                       UNITED STATES DISTRICT JUDGE